A99A0841. McINTYRE v. THE STATE.
(520 SE2d 55)

BLACKBURN, Presiding Judge.

After pleading guilty to voluntary manslaughter, Raymond McIntyre appeals the trial court's denial of his motion to withdraw the plea, contending that the trial court erred by failing to hold an evidentiary hearing on his subsequent claim of ineffective assistance of counsel. Since McIntyre failed to establish a prima facie claim of ineffective assistance, we affirm.

"A trial court's ruling on a motion to withdraw a guilty plea after sentencing is pronounced will not be disturbed absent an abuse of discretion." *England v. State*, 232 Ga. App. 842 (502 SE2d 770) (1998).

> *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985), established the following test for ineffective assistance of counsel in the context of a guilty plea: 1) the performance of counsel "fell below an objective standard of reason-

ableness" (quoting *Strickland v. Washington*, 466 U. S. 668, 687-[688] (104 SC 2052, 80 LE2d 674) (1984)); and 2) ". . . defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U. S. at 59.

*Tarwater v. State*, 259 Ga. 516, 517-518 (383 SE2d 883) (1989).

McIntyre has failed to meet the test. While McIntyre broadly alleges he was not "properly represented at his plea," he has not alleged how his counsel was ineffective. McIntyre fails to mention any specific act or omission of counsel which he contends fell below the standard of reasonableness. Having failed to meet the first prong of the test, McIntyre fails to meet the second prong as well. McIntyre cannot show that, but for the errors, he would not have pleaded guilty. Moreover, we note that at his guilty plea hearing, McIntyre testified that his counsel had thoroughly explained the case to him and that he was completely satisfied with their performance. Absent any allegations specifying conduct by counsel which was ineffective, the record establishes McIntyre's satisfaction with counsel at the time of his plea.

McIntyre's contention that the trial court erred by failing to hold a hearing on his ineffective assistance claim, thereby preventing him from building a record to support his appeal, has no merit. The trial court is not obligated to hold an evidentiary hearing on a claim of ineffective assistance of counsel where the claimant has failed to allege a prima facie case.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 28, 1999 —
RECONSIDERATION DENIED AUGUST 17, 1999.

*Harold B. Baker*, for appellant.

Raymond McIntyre, *pro se.*

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.