## S00A1795. PADILLA v. THE STATE.
### (544 SE2d 147)

CARLEY, Justice.

Christopher Price was involved in an apparent marijuana sale in the apartment of his girlfriend's aunt when a dispute arose. Both of the prospective purchasers drew weapons, and one of them shot and killed Price. Two eyewitnesses identified Jose Padilla and his co-defendant, Clement Davenport, as the perpetrators. A jury acquitted Davenport, but found Padilla guilty of felony murder while in the commission of aggravated assault and of possessing a weapon during the commission of that crime. The trial court sentenced Padilla to life for the murder and to a consecutive five-year term for the weapons offense. He appeals from the judgments of conviction and sentences entered on the jury's guilty verdicts.[1]

---

[1] The crimes occurred on September 17, 1996. The grand jury indicted Padilla on November 12, 1996, and the jury found him guilty on February 6, 1997. The trial court entered its judgments of conviction and imposed the sentences on February 13, 1997. Padilla filed a motion for new trial on February 19, 1997, and the trial court denied that motion on June 22, 1999. Padilla filed a notice of appeal on July 9, 1999. The case was docketed in this Court on July 20, 2000, and Padilla submitted his appeal for decision on September 11, 2000.

1. Over objection, the trial court permitted the two eyewitnesses to identify Padilla. He enumerates this evidentiary ruling as error.

Padilla contends that the testimony was tainted by an impermissibly suggestive pre-trial identification procedure. Such a procedure is one which "leads the witness to an 'all but inevitable identification' of the defendant as the perpetrator ([cit.]) or, . . . is the equivalent of the authorities telling the witness, 'This is our suspect.' [Cit.]" *Clark v. State*, 271 Ga. 6, 12 (7) (b) (515 SE2d 155) (1999). The record shows that the eyewitnesses selected Padilla's photograph from a two-page display containing snapshots of 17 other males. Padilla asserts that this was suggestive because he was the only mixed-race male shown in the photographs. However, he "has presented no authority that a failure to match complexions requires reversal." *Smith v. State*, 209 Ga. App. 540, 543 (4) (433 SE2d 694) (1993). To the contrary, the fact that the accused is of a different race or ethnic group does not necessarily make the identification procedure impermissibly suggestive, especially where the other individuals had roughly the same characteristics and features. *Williams v. Weldon*, 826 F2d 1018, 1021 (II) (11th Cir. 1987). After viewing the array, the trial court found that there was no improper suggestiveness, because "there are several people on these two pages [who] have similar characteristics." Our examination of the photographs supports this finding. See *Dudley v. State*, 179 Ga. App. 252, 253 (1) (345 SE2d 888) (1986).

Moreover, even assuming that the array was overly suggestive, a trial court should suppress such testimony only if "there was a very substantial likelihood of irreparable misidentification. [Cit.]" *Semple v. State*, 271 Ga. 416, 418 (2) (519 SE2d 912) (1999). Here, the eyewitnesses were in the same room with the perpetrators for several minutes before the shot was fired, the focus of their attention was drawn to the escalating dispute between the victim and the visitors in the apartment, and Padilla matched their description of one of the two suspects. Under these circumstances, there was no substantial likelihood that they misidentified him. See *Semple v. State*, supra at 418 (2); *Thomason v. State*, 268 Ga. 298, 304 (3) (486 SE2d 861) (1997). Therefore, the trial court correctly overruled Padilla's objection to the admission of the eyewitness identification testimony.

2. The evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Padilla was guilty of the felony murder and of the weapons offense. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. All the Justices concur.*

*Mario A. Pacella*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General*, for appellee.