## A01A0701. SIBLEY v. THE STATE.
### (550 SE2d 104)

Mikell, Judge.

Victor Sibley, a teacher, was charged with one count of aggravated child molestation and one count of child molestation based on incidents involving two male students. On the advice of counsel, Sibley entered a plea of guilty to two counts of child molestation on July 14, 2000. The court accepted Sibley's plea and sentenced him as follows: twenty years for Count 1, with seven years to serve and the balance on probation; and ten years probation for Count 2, to run consecutively to the first count. The court agreed to schedule a mitigation hearing where it would consider reducing the sentence; however, it pronounced Sibley's sentence in court on July 14 in order to prevent him from withdrawing his guilty plea.

The court conducted a mitigation hearing on August 8, 2000. At the hearing, Sibley's counsel, George P. Donaldson III, informed the court that Sibley wished to withdraw his plea and to hire new counsel. The court refused to allow Sibley to withdraw his plea, but it did permit him to retain new counsel. The court held hearings on September 1 and 6, 2000, and subsequently amended Sibley's sentence to require that he serve only six years in prison and fourteen years on probation for the first count and ten years probation for Count 2, to run concurrently with the first count. In the same order, the court denied Sibley's motion to withdraw his guilty plea. This appeal followed. We affirm.

In the sole error raised, Sibley argues that the court erred in denying his motion to withdraw his guilty plea because he was denied effective assistance of counsel. He contends that the court should have permitted him to withdraw his plea to correct a manifest injustice pursuant to Uniform Superior Court Rule 33.12.

It is well settled that "after [a] sentence is pronounced, as here, permission to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and the court's decision will not be disturbed unless that discretion is manifestly abused." *Dalton v. State,* 244 Ga. App. 203, 205-206 (2) (534 SE2d 523) (2000). See also *England v. State,* 232 Ga. App. 842 (502 SE2d 770) (1998). We cannot conclude that the trial court's refusal to allow Sibley to withdraw his plea was a manifest abuse of discretion.

In the context of a guilty plea, a defendant must demonstrate the following to establish a claim of ineffective assistance of counsel:

first, that the performance of counsel "fell below an objective standard of reasonableness ([cit.])" and second, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Punctuation omitted.) *McIntyre v. State*, 239 Ga. App. 623-624 (520 SE2d 55) (1999), citing *Hill v. Lockhart,* 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985).

Sibley has failed to satisfy the first prong of this test because he has not demonstrated that Donaldson's performance fell below an objective standard of reasonableness. In his appellate brief, Sibley contends that Donaldson was unprepared for trial, that Sibley was "coerced and badgered" by Donaldson to enter a plea, and that he was further induced to plead guilty because counsel told him that the court would admit the statements of the two young victims rather than requiring them to testify and be subject to cross-examination. However, the evidence does not support Sibley's allegation of deficient performance. At the September 6, 2000 hearing on Sibley's motion to withdraw his plea, Donaldson testified that he had reviewed the state's entire file, a videotape of the crime scene, and videotaped interviews with the two victims; that he discussed the case with the assistant district attorney several times; that he actively negotiated the plea on Sibley's behalf; and that he had several meetings with Sibley about the case, during which he emphasized the overwhelming evidence of Sibley's guilt. Donaldson denied telling Sibley that the victims would not testify at trial.

When Sibley entered his guilty plea on July 14, 2000, the court asked if he was satisfied with the services rendered by Donaldson, and he responded affirmatively. Sibley further testified under oath that he had spoken with counsel about the case; that he had had time to prepare and bring witnesses to court; that he had instructed Donaldson that he wished to enter the plea; that he understood his right to a jury trial; and that he understood that he waived that right by pleading guilty. Sibley denied that anyone had threatened him or promised him anything to influence his plea.

We conclude that Sibley has failed to establish deficient performance by his counsel. Regardless of the allegations raised in his motion to withdraw his plea, the transcript of Sibley's plea shows clearly that it was entered voluntarily, and that he fully understood what he was doing at the time he pleaded guilty. See *Thornton v. State*, 180 Ga. App. 274, 275 (349 SE2d 23) (1986). Because Sibley failed to meet the first prong of the test for ineffective assistance of counsel, he cannot satisfy the second prong. *McIntyre,* supra at 624. Accordingly, we affirm the trial court's denial of Sibley's motion to withdraw his plea.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED MAY 18, 2001.

*John P. Cannon,* for appellant.

*Kenneth B. Hodges III, District Attorney, Kenneth A. Dasher, Assistant District Attorney,* for appellee.