### A02A0362. WOODY v. THE STATE.
(563 SE2d 903)

PHIPPS, Judge.

Jerome Woody was indicted on charges of aggravated sexual battery, aggravated assault, burglary (two counts), criminal attempt to commit aggravated sodomy and giving a false name and date of birth to a law enforcement officer. He entered a negotiated guilty plea to aggravated sexual battery and was sentenced to 20 years, to serve 12 in confinement and the remainder on probation. Woody later filed a motion to withdraw his guilty plea, based on ineffective assistance of counsel. The trial court denied his motion, finding that Woody had failed to show that his counsel was ineffective. We agree and affirm.

Woody claims that his guilty plea resulted from ineffective assistance of counsel, thereby rendering the plea involuntary. He contends that his trial counsel left him with the impression that upon conviction after trial he would be sentenced to the maximum sentence of 90 years and argues that counsel was ineffective for failing to inform him that in her opinion the court would probably sentence him to serve no more than 20 years after conviction.

At the hearing on Woody's motion to withdraw his guilty plea, his trial counsel testified that she had told Woody that his maximum exposure was a prison sentence of 90 years if he was convicted. She denied ever telling him that he likely would be sentenced to 90 years if he failed to accept the plea. She testified that she did not recall specifically if she had discussed the possibility that Woody might receive a sentence of less than 90 years if he went to trial and that she did not generally tell her clients what sentence they might receive if they go to trial.

The two-part test of *Strickland v. Washington*[1] applies to challenges to guilty pleas based on ineffective assistance of counsel.[2] To prevail, a defendant must show that his counsel's performance fell

---

[1] 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).
[2] *Hill v. Lockhart*, 474 U. S. 52, 57-59 (106 SC 366, 88 LE2d 203) (1985).

below an objective standard of reasonableness and that there is a reasonable probability that, in the absence of his attorney's errors, he would not have pled guilty and would have insisted on going to trial.[3] A court's finding of effective assistance will be affirmed unless clearly erroneous.[4]

Woody asks this court to hold that his trial counsel's performance fell below an objective standard of reasonableness because she did not tell him what his sentence might have been if he had rejected the plea and gone to trial. In light of the seriousness of the charges against Woody and his prior criminal convictions, the trial court was authorized to find that a prediction of his probable sentence upon conviction after trial would have amounted to nothing more than speculation and guesswork. Thus, the trial court's finding that trial counsel was not ineffective was not clearly erroneous, and the trial court did not err by denying Woody's motion to withdraw his guilty plea.[5]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 8, 2002.

*Joseph A. Leaphart IV*, for appellant.
*Richard R. Read, District Attorney, Dabney Y. Kentner, Assistant District Attorney*, for appellee.

---

[3] Id.
[4] *Swantner v. State*, 244 Ga. App. 372, 374 (2) (535 SE2d 343) (2000).
[5] See id.