A02A1805. TOLIVER v. THE STATE.
(572 SE2d 97)

MILLER, Judge.

A jury found Willie Toliver guilty of theft by shoplifting. Following the denial of his motion for new trial, he appeals, arguing that the evidence did not support the verdict and that the trial court erred in finding he received effective assistance of counsel. Since the evidence shows that he assisted his wife in shoplifting, and since on appeal he fails to specify instances of ineffective assistance, we affirm.

1. When considering a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So construed, the evidence showed that Toliver accompanied his wife to a store where he placed an expensive acetylene torch in their shopping cart. After his wife placed a plaque remover and an air purifier in the cart, she took the cart to an aisle of the store where she replaced the bar code symbols on the three items while Toliver maintained a lookout by walking up and down and across the aisle. The couple proceeded to checkout, where Toliver placed the torch on the conveyor belt. The fake bar code symbols on the three items were scanned, showing prices only a fraction of the store's stated prices for the items. The price for the plaque remover was stated to be $49.84 but scanned for $1.97; the price for the torch was stated to be $149.73 but scanned for $9.97; and the price for the air purifier was stated to be $184.96 but scanned for $9.96. After using a gift card to pay for the items at the smaller prices, the couple proceeded to the parking lot. Toliver had the keys to their jointly owned vehicle, which was filled with maps showing numerous store locations, hotel receipts, gift cards, and hundreds of bar codes. Toliver had several gift cards on his person.

OCGA § 16-8-14 (a) provides:

> A person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, does any of the following: . . . (2) Alters the price tag or other price marking on goods or merchandise of any store or retail establishment; . . . (4) Interchanges the label or price tag from one item of merchandise with a label or price tag for another item of merchandise; or (5) Wrongfully causes the amount paid to be less than the merchant's stated price for the merchandise.

The evidence showed that Toliver intentionally aided and abetted his wife in the commission of this crime and was therefore guilty as a party thereto. See OCGA § 16-2-20. The evidence sufficed to sustain the conviction.

2. Toliver's enumeration that the trial court erred in finding he received effective assistance of counsel also fails. To establish ineffectiveness of trial counsel, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Stephens v. State,* 265 Ga. 120, 121 (2) (453 SE2d 443) (1995); see *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). "We review a trial court's finding that a defendant has been afforded effective assistance of counsel under the clearly erroneous standard." (Footnote omitted.) *Thomas v. State,* 254 Ga. App. 226, 230 (5) (561 SE2d 444) (2002).

Here Toliver makes only a token effort at specifying the alleged instances of ineffective assistance. The entirety of his appellate argument in this regard is that Toliver "believes that the representation at trial, coupled with the lack of communication and preparation deprived him of effective representation." No specifics are given. Where a defendant "fails to mention any specific act or omission of counsel which he contends fell below the standard of reasonableness," the first prong of showing deficient performance is not met. *McIntyre v. State,* 239 Ga. App. 623, 624 (520 SE2d 55) (1999). Moreover, our review of the motion for new trial transcript reveals that trial counsel adequately communicated with Toliver and prepared for the trial. We see no basis for holding that the trial court clearly erred in finding that Toliver received effective assistance of counsel.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 8, 2002.

*Ronald K. Silvey,* for appellant.
*Herbert E. Franklin, Jr., District Attorney, Douglas R. Woodruff, Assistant District Attorney,* for appellee.