## A03A2197. VAZQUEZ-VARGAS v. THE STATE.
### (595 SE2d 668)

MIKELL, Judge.

Jorge A. Vazquez-Vargas was indicted on charges of aggravated child molestation, child molestation, and statutory rape of his 12-year-old half-sister. He entered a negotiated guilty plea to all of the charges and was sentenced to twenty years, with ten to be served in confinement and the balance on probation. Vazquez-Vargas subsequently filed a pro se motion to withdraw his guilty plea, alleging ineffective assistance of counsel. New counsel was appointed to represent him on his pending motion. After conducting a hearing, the trial court denied the motion to withdraw the guilty plea, finding that Vazquez-Vargas failed to demonstrate that his trial counsel was ineffective. This appeal followed. We affirm the judgment of the trial court.

It is well settled that "[a] trial court's ruling on a motion to withdraw a guilty plea after sentencing is pronounced will not be disturbed absent an abuse of discretion." *England v. State*, 232 Ga. App.

---

842 (1) (502 SE2d 770) (1998), citing *Moore v. State*, 225 Ga. App. 860, 861 (2) (485 SE2d 552) (1997). Accord *McIntyre v. State*, 239 Ga. App. 623 (520 SE2d 55) (1999).

> The two-part test of *Strickland v. Washington*[, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984),] applies to challenges to guilty pleas based on ineffective assistance of counsel. To prevail, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, in the absence of his attorney's errors, he would not have pled guilty and would have insisted on going to trial. A court's finding of effective assistance will be affirmed unless clearly erroneous.

(Footnotes omitted.) *Woody v. State*, 254 Ga. App. 766-767 (563 SE2d 903) (2002), citing *Hill v. Lockhart*, 474 U. S. 52, 57-59 (106 SC 366, 88 LE2d 203) (1985). "Furthermore, in evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (Punctuation and footnote omitted.) *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).

Vazquez-Vargas claims that the performance of his counsel, Jim Kiger, was deficient in two ways: (1) that Kiger did not inform him of the minimum sentence he could face under lesser included offenses and (2) that Kiger should have obtained Vazquez-Vargas's hospital records and attempted to suppress his statement to the police on the grounds that he had been admitted to Cobb General Hospital for an overdose of the drug Ecstasy on the day he turned himself in for questioning. He contends that but for his counsel's deficient performance, there is a reasonable probability that he would not have pled guilty.

We agree with the trial court's conclusion that Vazquez-Vargas has failed to demonstrate ineffective assistance of counsel. First, Vazquez-Vargas does not specify what lesser included offenses to which he refers; however, at the hearing on his motion to withdraw his guilty plea, the court heard a proffer of evidence that Kiger had discussed with Vazquez-Vargas "what he would be looking at worse case scenario and best case scenario at a trial." Additionally, at the plea hearing, Vazquez-Vargas testified during the colloquy confirming the voluntariness of his guilty plea that he understood the charges against him, that he had discussed the case with counsel, and that he was familiar with the maximum penalty for the three offenses. Accordingly, we cannot find that the trial court's decision was clearly erroneous on this ground. See *McIntyre*, supra at 624.

We reach a similar conclusion with respect to Vazquez-Vargas's allegation that his counsel rendered ineffective assistance in failing to obtain his hospital records prior to the entry of the plea and in failing to file a motion to suppress his statement to the police. Evidence was proffered to the court at the hearing on the motion to withdraw the guilty plea that Kiger had requested the medical records and that he would have challenged the admissibility of the statement at a *Jackson-Denno* hearing had the case gone to trial.

Furthermore, the record does not support the argument that Kiger's decision not to file a motion to suppress prior to the guilty plea amounted to ineffective assistance. See generally *Hosch v. State*, 185 Ga. App. 71, 72 (2) (363 SE2d 258) (1987) ("Trial strategy and tactics do not equate with ineffective assistance of counsel."). Prior to the motion hearing, at the request of both the state and the defense, the trial court reviewed tape recordings of the police interviews with Vazquez-Vargas and with the victim. The tapes are not included in the record; however, the written report of Investigator Cheryl Smith of the Douglas County Sheriff's Department detailing both interviews is. According to the report, Vazquez-Vargas understood his *Miranda* rights and knowingly and voluntarily waived them; he admitted that he engaged in sexual intercourse with the victim on numerous occasions; and he admitted having oral sex with the victim. The report reveals that Vazquez-Vargas appeared to have difficulty breathing several times during the interview. He told the officers that he had been to the hospital because he had taken Ecstasy, but he did not request that the interview stop, nor did he ask for medical attention. The victim reported to the officers that Vazquez-Vargas had repeatedly molested her for over a year, that he put his penis in her mouth, and that their mother kicked him out of the house after discovering the abuse.

Thus, even assuming, arguendo, that Kiger could have convinced the court to suppress Vazquez-Vargas's custodial statement in which he admitted his guilt, the defense would have been faced with the victim's testimony about the abuse and, presumably, the corroborative testimony of Vazquez-Vargas's mother, who appeared on the state's witness list. Additionally, the evidence proffered at the motion hearing was that Kiger reviewed all of the evidence in the case except for the medical records and advised Vazquez-Vargas accordingly.

Because Vazquez-Vargas failed to prove that his counsel's performance was deficient, we need not reach the prejudice element of his claim. However, even if he had established deficient performance, his appeal would not have been successful. "The prejudice component in the context of a guilty plea . . . is met by showing 'that there is a reasonable probability that, but for counsel's errors, [Vazquez-Vargas] would not have pleaded guilty and would have insisted on going to

trial.'" *State v. Heath*, 277 Ga. 337, 338 (588 SE2d 738) (2003), citing *Hill*, supra at 59. There is nothing in the record to satisfy this element.

The trial court's decision that Vazquez-Vargas failed to prove his claim of ineffective assistance of counsel was not clearly erroneous, and therefore, the court did not abuse its discretion in denying his motion to withdraw his guilty plea.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 25, 2004.

*Michelle G. Harrison*, for appellant.

*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.