### A04A1427. BATTLE v. THE STATE.
(605 SE2d 391)

JOHNSON, Presiding Judge.

Billy Battle challenges the trial court's denial of his motion to withdraw his guilty plea. The challenge is without merit, and we therefore affirm the trial court's judgment.

Battle was charged by indictment with battery, aggravated sexual battery and rape. The state agreed not to prosecute any of those indicted charges in exchange for Battle's entry of a guilty plea to an accusation charging him with one count of child molestation. Battle, with the assistance of counsel, then pled guilty to the accusation, which alleged that he had committed child molestation by making contact with the vagina of the minor victim.

At the guilty plea hearing, the trial judge questioned Battle about his plea. In response to that questioning, as well as in a written plea form that he signed, Battle acknowledged that he understood the nature of the child molestation charge against him, all the rights he was waiving by pleading guilty and the sentencing range for the offense of child molestation. Battle also indicated that he had been given enough time to confer with his attorney and was satisfied with his counsel's service, that no one had forced him to plead guilty and that he was in fact guilty of the crime charged. The court accepted Battle's guilty plea, finding that he had made it freely, voluntarily and knowingly.

The state then presented the factual basis for the plea. According to the state, evidence at a trial would have shown that the 11-year-old victim went to retrieve a ball from the yard at Battle's home. Battle and another male then lured the girl onto a couch inside Battle's home, where they inserted their fingers into her vagina. After the state's presentation, Battle himself told the court that he and the 11-year-old had engaged in sexual intercourse, that he later pushed her into an air conditioner, on which she cut her lip, and that she then ran from the house crying. After argument from counsel, the court imposed a twenty-year sentence, ordering that Battle serve ten years in confinement and the rest of the sentence on probation.

Two-and-a-half weeks later, Battle, with the assistance of new counsel, filed a motion to withdraw his guilty plea on the grounds that his trial counsel had been ineffective and that the plea was not

knowingly and voluntarily made. An evidentiary hearing on the motion was held, and thereafter the trial court denied the motion. Battle appeals.

1. Battle claims that his trial counsel was ineffective in that he failed to prepare for trial, investigate the factual basis for the crimes charged and advise Battle that his plea would be based on an accusation rather than an indictment.[1] The claims are without merit and provide no basis for reversing the trial court's refusal to allow withdrawal of the guilty plea.

To prevail on a challenge to a guilty plea based on ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, absent counsel's errors, he would not have pled guilty and would have insisted on going to trial.[2] A trial court's finding that counsel was not ineffective will be affirmed unless clearly erroneous.[3]

As for Battle's claim that his trial attorney did not prepare for trial and investigate the factual basis for the charges brought against him, we find no evidence supporting the claim. In fact, as the trial court found, the record shows the contrary. At the hearing on the motion to withdraw the guilty plea, Battle's trial counsel testified that he spent many hours preparing the case.

According to the testimony, Battle's trial counsel discussed the case with the prosecuting attorney many times, he watched the state's videotaped interviews of the victim, he contacted a doctor to retest the state's purported DNA evidence against Battle and sought funds to pay for that retesting, he arranged for Battle to provide a second blood sample to ensure that the first sample taken by authorities was not tainted, and he discussed the case many times with Battle. Based on his investigation, Battle's trial attorney testified that he did not believe there was evidence to support the indicted rape charge. And after discussing with Battle the options of pleading guilty or going to trial, he negotiated the plea agreement, whereby the state agreed to drop all the indicted charges in exchange for the guilty plea to the child molestation accusation.

---

[1] Battle also asserts several other grounds in support of his ineffective assistance claim. But he did not raise any of these grounds in his motion to withdraw the guilty plea or at the plea withdrawal hearing, and thus none of them was ruled upon by the trial court. Because these other grounds were not raised by Battle and his postjudgment counsel in the trial court, they may not be raised for the first time on appeal, and we may consider only those grounds ruled upon by the trial court. See *Wooten v. State*, 240 Ga. App. 725, 727 (2) (b) (524 SE2d 776) (1999).

[2] *Vazquez-Vargas v. State*, 265 Ga. App. 852, 853 (595 SE2d 668) (2004).

[3] Id.

Moreover, at the guilty plea hearing, Battle testified that he had been given sufficient time to confer with his attorney, that he and his attorney had discussed the case on a number of occasions, that he had been given enough time to subpoena witnesses if he wanted them, and that he was satisfied with his attorney and the services rendered by counsel on his behalf. Under these circumstances, the trial court's determination that trial counsel had adequately prepared and investigated the case is not clearly erroneous and must be upheld.[4]

Likewise, the trial court correctly found that Battle's claim that his attorney did not advise him that he would be pleading guilty to an accusation instead of an indictment is directly contradicted by the record. At the guilty plea hearing, Battle plainly testified that he and his attorney had discussed that he was being charged by accusation with child molestation, that he understood that the accusation arose out of the same allegations which had given rise to the prior indicted offenses, that he understood that those indicted offenses would not be prosecuted by the state, and that he wished to plead guilty on the child molestation accusation. Battle then entered his guilty plea by signing the accusation, which expressly provides that he waives indictment by the grand jury.

Furthermore, at the plea withdrawal hearing, Battle's trial counsel testified that he and Battle had talked in depth about his right to be charged with child molestation by indictment and that Battle elected to waive indictment and plead on the accusation. Again, given all the evidence directly contradicting Battle's claim of ineffective assistance of counsel, the trial court did not clearly err in finding that Battle had been advised by counsel and was aware that he was pleading guilty on an accusation rather than an indictment. Since the trial court's finding is not clearly erroneous it shall be upheld.[5]

2. Battle complains that he should be allowed to withdraw his guilty plea because he did not knowingly waive his right to a jury trial and all the rights that go along with it. The complaint is specious in light of Battle's sworn admissions at the guilty plea hearing — both orally and in writing — that he was knowingly and voluntarily waiving those very rights. The trial court did not err in denying Battle's motion to withdraw his guilty plea on this ground.[6]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

---

[4] See *Osterhout v. State*, 266 Ga. App. 319, 323 (4) (596 SE2d 766) (2004) (trial court's determination on counsel's effectiveness will be upheld on appeal unless clearly erroneous).

[5] Id.

[6] See *Weeks v. State*, 260 Ga. App. 129, 130-131 (1) (578 SE2d 910) (2003).

DECIDED SEPTEMBER 28, 2004.

*Ralph L. Phillips*, for appellant.
*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.