A05A2025. BUFF v. THE STATE.
(622 SE2d 915)

MILLER, Judge.

Billy Buff pled guilty to the offense of unauthorized possession of a weapon by an inmate and was sentenced to serve three years concurrent with the sentence he was already serving. He appeals from the denial of his motion to withdraw his guilty plea. We affirm.

"It is well settled that after a sentence is pronounced, as here, permission to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and the court's decision will not be disturbed unless that discretion is manifestly abused." (Citations and punctuation omitted.) *Sibley v. State*, 249 Ga. App. 664 (550 SE2d

104) (2001). In his sole enumeration of error, Buff argues that the trial court erred in denying his motion to withdraw based on his current preference for a jury trial. He also contends that the substitution of a second public defender to represent him at the plea hearing confused him.

Buff has not alleged that trial counsel was ineffective, and testified at the plea hearing that he was satisfied with the services of both public defenders and that he had discussed his case with both attorneys. Likewise, at no time did Buff inform the court that he wished to have the first public defender present at the hearing. Therefore, we cannot conclude that the trial court's refusal to allow Buff to withdraw his guilty plea was a manifest abuse of discretion. See, e.g., *Stephens v. State*, 235 Ga. App. 756, 757-758 (510 SE2d 575) (1998) (defendant's argument that he was confused at the plea hearing was without merit where the record revealed that he was aware of the rights he was waiving as well as the consequences of his plea); *Battle v. State*, 234 Ga. App. 143, 144 (2) (505 SE2d 573) (1998) (defendant cannot complain of the court's failure to appoint him counsel of his own choosing when he did not request counsel of his own choosing).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 4, 2005.

*Samuel G. Oliver, Tina E. Maddox,* for appellant.
*Tom Durden, District Attorney,* for appellee.