### A11A0204. SIMMONS v. THE STATE.
(710 SE2d 193)

ELLINGTON, Chief Judge.

A DeKalb County jury found Michael Simmons guilty of armed robbery, OCGA § 16-8-41 (a). Simmons appeals from the denial of his motion for new trial, contending that his trial counsel was ineffective and that the trial court erred in denying his request for a continuance to retain private counsel and in admitting an impermissibly suggestive pretrial identification. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that, at around 4:30 a.m. on April 1, 2008, Simmons entered a DeKalb County Waffle House restaurant and robbed a waiter of cash using what appeared to be a handgun. The robbery was witnessed by the restaurant's cook, who obtained the tag number of the car in which Simmons fled. That same day, the police traced the tag number of the car to Simmons' girlfriend. The girlfriend, who owned the car in question, told the police and testified at trial that she loaned Simmons her car that morning. Two days after the armed robbery, the police separately showed the cook

---

[1] *Jackson v. Virginia,* 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

and the waiter a photographic lineup. Both selected Simmons' photograph and both identified him as the robber at trial. The police obtained the restaurant's video surveillance recording of the robbery, and the State played the recording for the jury.

1. Simmons, who was represented by a public defender at trial, contends the trial court erred in denying his pro se request for a continuance so that he might retain private counsel. A ruling on a motion for continuance is within the trial court's sound discretion and will not be disturbed absent a clear abuse of that discretion. *Greene v. State*, 274 Ga. 220, 221 (3) (552 SE2d 834) (2001).

The record shows that the DeKalb County Public Defender's Office represented Simmons as early as April 18, 2008, shortly after his arrest. A public defender served discovery on the State after the indictment was returned a few months later and began preparing the case for trial. The public defender investigated the case, spoke with witnesses, discussed possible plea offers, and filed a motion to suppress the witnesses' pretrial identification. The case was eventually transferred to another public defender, who announced ready to try the case on February 19, 2009. By that date, the case had been on three previous trial calendars. On the eve of trial, Simmons told the court that he was dissatisfied with his public defender and wanted a continuance so that he could hire a private attorney. The trial court denied the request as untimely and proceeded to trial. However, on February 23, 2009, after Simmons refused to cooperate during voir dire, the trial court declared a mistrial. Simmons testified during the motion for new trial hearing that, thereafter, the judge gave him an opportunity to hire a private attorney, but that he was unable to gather the needed funds. On March 26, 2009, when the court next called the case for trial, the court denied Simmons' second pro se request for a continuance, finding that Simmons had "had more than enough time" to retain his own attorney but had failed to do so. The case was eventually tried on March 30 and 31, 2009.

Under the circumstances, we find no basis for concluding that the trial court abused its discretion in denying Simmons' pro se request for a continuance. See *Holder v. State*, 242 Ga. App. 479, 483 (7) (529 SE2d 907) (2000) ("Denial of a continuance may be proper where defendant negligently failed to employ counsel promptly or where it appears he is using the tactic for delay.") (citations and punctuation omitted); *Smith v. State*, 161 Ga App. 512, 514 (3) (288 SE2d 754) (1982) ("A defendant will not be permitted to use the discharge of appointed counsel and employment of another counsel as a dilatory tactic in requesting a continuance.") (citations and punctuation omitted).

2. Simmons contends the trial court erred in denying his motion to suppress the witnesses' pretrial identification and allegedly

tainted in-court identification as the photographic line-up was unduly suggestive in that Simmons had the darkest complexion in the photo array.

"An identification procedure is impermissibly suggestive when it leads the witness to an all but inevitable identification of the defendant as the perpetrator or is the equivalent of the authorities telling the witness, 'This is our suspect.'" (Citations and punctuation omitted.) *Williams v. State*, 275 Ga. 622, 623 (2) (571 SE2d 385) (2002).

In this case, the detective put together an array containing six photographs that depicted individuals with similar characteristics. All were African-American males of a similar age, with the same build, head shape, skin tone, facial hair, jewelry, clothing, and expression. The photographs were also alike in that they were the same size and were head shots taken against the same neutral background. Although Simmons' skin-tone was slightly darker than the others depicted, that was a minor difference that did not cause the photographic array to be impermissibly suggestive. See *Padilla v. State*, 273 Ga. 553, 554 (1) (544 SE2d 147) (2001) (failure to match skin complexions did not require reversal). The photographic array was included in the record, and, based upon our review of it, we conclude that the trial court was authorized to find that there was no impermissible suggestiveness. Id.

Moreover, even if the lineup had been impermissibly suggestive, the trial court would have been authorized to find that there was not a substantial likelihood that either witness misidentified Simmons. To review the trial court's ruling that the lineup was not impermissibly suggestive, we are required to consider "(1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, [and (4)] the length of time between the crime and the confrontation." (Footnote omitted.) *Mobley v. State*, 277 Ga. App. 267, 270-271 (1) (626 SE2d 248) (2006). Here, witnesses testified that the crime occurred inside a restaurant, that Simmons stood just a short distance from each of them, that each got a good look at Simmons' face, and that they each independently picked Simmons' photograph out of the lineup without any hesitation or doubt. Further, the identification occurred only two days after the crime was committed. Given the totality of the circumstances, we find that the trial court would have been authorized to conclude that there existed no substantial likelihood of irreparable misidentification. Id.

3. Simmons contends that his trial counsel was ineffective in three respects: (a) she failed to adequately prepare the case and consult with him prior to trial; (b) she failed to support his request

for a continuance; and (c) she failed to engage in plea negotiations that would have resolved cases pending in other jurisdictions.

> To prevail on a claim of ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense of the case. Trial counsel is afforded a strong presumption that his conduct and decisions are reasonable. Moreover, we will uphold the trial court's determination as to counsel's effectiveness unless it is clearly erroneous.

(Citations and footnotes omitted.) *Terrell v. State*, 276 Ga. App. 102, 103 (1) (622 SE2d 434) (2005).

(a) The record reveals that Simmons' first public defender met with him at the jail and in court to discuss the case and pending charges, that she investigated the case, spoke with witnesses, filed discovery and pretrial motions, either received or reviewed the State's evidence, and prepared voir dire and cross-examination questions and jury charges. Although a new public defender inherited Simmons' file from the first attorney a few weeks before the February 2009, calendar call, she testified that the case had been fully investigated and was ready to be tried and that she had no reason to ask for a continuance. She also checked into all of Simmons' claims, including alibi witnesses, but, in her opinion, those leads yielded nothing helpful to the defense. The record does not support Simmons' claim that his trial counsel was unprepared or that she failed to consult with him.

(b) Simmons suggests that his public defender should have moved for a continuance so that he could retain private counsel. The record, however, reveals that counsel only became aware of Simmons' wishes on the eve of trial, and that they made those wishes known to the trial court on February 19, 2009. Counsel testified that it was up to Simmons to hire an attorney and that the decision to allow a continuance or a substitution was up to the trial court. We see no evidence in the record that the public defender failed to convey Simmons' wishes to the court or impeded his efforts to retain private counsel.

(c) Simmons contends that his DeKalb County public defenders provided ineffective assistance because they failed to engage the district attorney in Gwinnett County, where Simmons had multiple pending armed robbery charges, in plea negotiations in an effort to simultaneously resolve all his pending charges. Even if the evidence suggested that this contention were true, we have held that counsel's failure to initiate plea negotiations does not constitute deficient performance. *Terrell v. State*, 276 Ga. App. at 103 (1).

Having reviewed Simmons' claims and the record before us, we conclude that the trial court did not err in finding that the public defenders who represented Simmons were not deficient in their performance. Because Simmons has failed to show deficient performance by his public defenders, his claim of ineffective assistance of counsel must fail. *Terrell v. State*, 276 Ga. App. at 103 (1).

*Judgment affirmed. Miller, P. J., and Doyle, J., concur.*

DECIDED MARCH 30, 2011 —
RECONSIDERATION DENIED APRIL 19, 2011.

*Thomas S. Robinson III*, for appellant.

*R. Javoyne Hicks White, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.