A11A0517. EARLEY v. THE STATE.

(712 SE2d 565)

DILLARD, Judge.
In 2009, Guy Anthony Earley pleaded guilty to one count of theft by receiving and one count of attempting to elude a police officer.

---

Two months later, and after obtaining new counsel, Earley moved to withdraw his guilty plea, which the trial court denied. Earley now appeals the denial of his motion to withdraw his guilty plea, arguing that the trial court erred in denying his motion for a continuance of the plea hearing and that his plea counsel provided ineffective assistance. For the reasons set forth infra, we affirm.

The record shows that on December 17, 2008, a Douglasville police officer observed Earley driving a 1998 Honda Accord through a grocery store parking lot. And finding Earley's manner of driving suspicious, the officer ran a check on the vehicle's license tag and learned that it had expired. When the officer initiated a traffic stop, Earley attempted to elude the officer by speeding away through traffic. The chase ultimately ended when Earley stopped the car in front of a residence and attempted to flee on foot, but was apprehended by the officer. Shortly thereafter, the police learned that the car Earley was driving had been reported stolen earlier in the day.

Earley was charged, via accusation, on one count of theft by receiving of a motor vehicle[1] and one count of felony attempting to elude a police officer.[2] A few months later, the State filed a notice of its intent to introduce similar-transaction evidence and a notice of its intent to have Earley sentenced as a recidivist under OCGA § 17-10-7 (c). In a hearing on the day his trial was scheduled to begin, Earley—who was represented by counsel—filed a pro se motion for a continuance on the ground that he did not have confidence that his counsel was prepared for trial. Following the trial court's denial of that motion, Earley entered a non-negotiated guilty plea to both counts in the accusation. Subsequently, the trial court imposed a fifteen-year sentence with seven to serve.

Nearly one month later, Earley filed a timely pro se motion to withdraw his guilty plea. Thereafter, Earley was appointed new counsel, and his new counsel filed an amended motion to withdraw his guilty plea, alleging that Earley's plea counsel provided ineffective assistance and that Earley did not enter his plea intelligently, knowingly, and voluntarily. On October 27, 2009, the trial court conducted a hearing on Earley's motion to withdraw his guilty plea, during which he argued that the trial court erred in denying his pro se motion for a continuance of the plea hearing and that his plea counsel provided ineffective assistance. Both Earley and his plea counsel testified during the hearing, and at the conclusion of the proceedings, the trial court denied Earley's motion. This appeal follows.

---

[1] See OCGA § 16-8-7 (a).
[2] See OCGA § 40-6-395 (a), (b) (5) (A).

At the outset, we note that while a guilty plea may be withdrawn anytime before sentencing, "once a sentence has been entered[,] a guilty plea may only be withdrawn to correct a manifest injustice[,]"[3] and a trial court's refusal to allow withdrawal "will not be disturbed on appeal absent a manifest abuse of discretion."[4] Additionally, "a criminal defendant who seeks to withdraw his guilty plea due to ineffective assistance of counsel must meet the now familiar two-part test of *Strickland v. Washington*[5]—deficient performance and prejudice."[6] Specifically,

> [a] defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.[7]

And, "in evaluating an attorney's performance for the purpose of determining the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."[8] With these guiding principles in mind, we will now address Earley's two enumerations of error in turn.

1. Earley contends that the trial court erred in denying his motion to withdraw his guilty plea, arguing that the court's denial of his pro se motion for a continuance of the plea hearing constituted a manifest injustice. We disagree.

First, the trial court did not err in denying Earley's pro se motion for a continuance because it is well established that "[a] criminal defendant does not have the right to represent himself and also be represented by an attorney."[9] Given that Earley was repre-

---

[3] *Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005) (punctuation omitted).

[4] *Hunter v. State*, 294 Ga. App. 583, 584 (1) (669 SE2d 533) (2008) (punctuation omitted).

[5] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[6] *Murray v. State*, 307 Ga. App. 621, 623-24 (705 SE2d 726) (2011) (punctuation and footnote omitted).

[7] *Rios v. State*, 281 Ga. 181, 181 (2) (637 SE2d 20) (2006) (punctuation omitted).

[8] *Murray*, 307 Ga. App. at 624 (punctuation and footnote omitted).

[9] *Beattie v. State*, 240 Ga. App. 327, 327 (1) (523 SE2d 389) (1999) (holding that because defendant was represented by counsel, trial court properly denied his pro se motion for continuance); *see Howard v. State*, 307 Ga. App. 822, 827-28 (2) (c) (706 SE2d 163) (2011) (noting that "Sixth Amendment right does not afford the defendant the hybrid right to simultaneously represent himself and be represented by counsel"); *Voils v. State*, 266 Ga. App. 738, 742 (3) (598 SE2d 33) (2004) (holding that defendant's pro se motion for an evidentiary hearing was properly denied because defendant was represented by counsel); *Pless v. State*, 255 Ga. App. 95, 96 (564 SE2d 508) (2002) (holding that defendant's pro se motions were void

sented by counsel when he filed his pro se motion, that motion was of no legal effect whatsoever.[10]

Moreover, even if we were to consider Earley's motion for a continuance on its merits, the trial court did not err in denying it. Importantly, "[a] ruling on a motion for continuance is within the trial court's sound discretion and will not be disturbed absent a clear abuse of that discretion."[11] And here, the trial court noted on the record that it denied Earley's motion for a continuance because it concluded that he was seeking a continuance for purposes of delay and not for any substantive reason.[12] Under these circumstances, we find no basis for concluding that the trial court abused its discretion in denying Earley's pro se request for a continuance.[13]

2. Earley also contends that the trial court erred in denying his motion to withdraw his guilty plea because his plea counsel provided ineffective assistance. Specifically, Earley argues that his plea counsel failed to thoroughly investigate his case, failed to explain the consequences of his non-negotiated guilty plea, and failed to withdraw from representing him despite having a conflict of interest. We find all of these contentions to be without merit.

(a) Earley first argues that his plea counsel failed to adequately meet with him and to investigate his case. During the hearing on his motion to withdraw his guilty plea, Earley testified that he only saw his counsel for 15 minutes every month and a half. In contrast, plea counsel testified that she met with Earley at least seven times during the nine months she handled his case and spoke to him on the phone numerous times. Plea counsel further testified that she reviewed all of the State's discovery and was fully prepared to try the case on the day Earley ultimately entered into the non-negotiated guilty plea. The trial court was authorized to credit the testimony of Earley's plea counsel, and its factual findings and credibility determinations will be accepted unless clearly erroneous.[14] Given that our review of the record reveals no such error, Earley has failed to show that his counsel's performance was deficient.[15]

---

because he was represented by counsel).

[10] *Pless*, 255 Ga. App. at 96.

[11] *Simmons v. State*, 309 Ga. App. 369, 370 (1) (710 SE2d 193) (2011).

[12] Although the discussion regarding Earley's motion for a continuance (that occurred just prior to the start of his plea hearing) was not transcribed, the trial court noted its reasons for denying same during the hearing on Earley's motion to withdraw his plea.

[13] *See Simmons*, 309 Ga. App. at 369 (1) (holding that denial of a continuance is proper where it appears defendant is using the tactic for delay); *Holder v. State*, 242 Ga. App. 479, 483 (7) (529 SE2d 907) (2000) (same).

[14] *See Rios*, 281 Ga. at 182 (2).

[15] *See, e.g., Sallins v. State*, 289 Ga. App. 391, 393 (1) (657 SE2d 309) (2008) (holding that defendant failed to prove that counsel performed deficiently in light of counsel's testimony that

(b) Earley also contends that he did not generally understand the plea-hearing proceedings and that his plea counsel failed to explain the consequences of his non-negotiated guilty plea. However, the record supports the trial court's conclusion that Earley knowingly and intelligently entered his guilty plea. In fact, during his plea hearing, Earley confirmed that he could read and write, that his counsel discussed the plea petition and waiver-of-rights form with him and that he understood it. Earley then responded affirmatively when the State's prosecutor asked him if he understood the rights he was waiving by pleading guilty. Additionally, Earley affirmatively stated that he understood when the trial court reiterated the rights he was waiving by pleading guilty and further explained to him that he was facing a maximum sentence of 15 years "in prison as a repeat offender." Based on the record, we conclude that the State met its burden of showing that Earley offered his plea knowingly, intelligently, and voluntarily, and the trial court did not abuse its discretion when it denied his motion to withdraw his guilty plea on this claim.[16]

(c) Finally, Earley argues that his plea counsel provided ineffective assistance by failing to withdraw from representing him after she learned that she had a conflict of interest. An indigent defendant is not entitled to have his appointed counsel discharged, however, "unless he can demonstrate justifiable dissatisfaction with counsel, such as conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between counsel and client."[17] And, "[w]e evaluate a trial court's decision regarding whether to appoint new trial counsel for an indigent defendant under an abuse of discretion standard."[18] Additionally, we have previously held that "[i]n order for a criminal defendant to prevail on a claim that his attorney was ineffective due to a conflict of interest, he must show that an actual conflict of interest adversely affected his lawyer's performance."[19]

Here, approximately one week before Earley's trial was scheduled to begin, his counsel learned that—in an odd coincidence—her husband knew the owner of the vehicle that was the subject of Earley's theft-by-receiving charge. Specifically, counsel learned that

---

he met with defendant on several occasions and that he had thoroughly reviewed State's evidence); *Battle v. State*, 269 Ga. App. 757, 758 (1) (605 SE2d 391) (2004) (same).

[16] *See Rios*, 281 Ga. at 183 (4) (holding that record of plea hearing supported trial court's conclusion that defendant knowingly and intelligently entered his guilty plea); *Sallins*, 289 Ga. App. at 393-94 (2) (same); *Battle*, 269 Ga. App. at 758-59 (1) (same).

[17] *Holsey v. State*, 291 Ga. App. 216, 218-19 (2) (661 SE2d 621) (2008) (citation and punctuation omitted).

[18] *Id.* at 219 (2) (citation omitted).

[19] *Id.* at 221 (3) (b) (citation and punctuation omitted); *see also Turner v. State*, 273 Ga. 340, 342 (2) (a) (541 SE2d 641) (2001).

the theft victim, whom she had never met, worked with her husband at a local university and that her husband occasionally acted as the theft victim's supervisor. Almost immediately after learning this information, counsel informed the trial court, the State's prosecutor, and Earley. During a hearing held on August 6, 2009, plea counsel's possible conflict was discussed further, and the trial court offered Earley an opportunity to express any concerns.[20] Nevertheless, at the conclusion of the hearing, the trial court found that no actual conflict existed because it was satisfied with counsel's testimony that her husband's working relationship with the victim would not affect her ability to represent Earley. Given that some evidence supported the trial court's determination that no conflict existed, the trial court did not clearly err in finding that Earley failed to establish that plea counsel's failure to withdraw constituted ineffective assistance.[21] Accordingly, the trial court did not err in denying Earley's motion to withdraw his guilty plea.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 16, 2011.

*Angela Moore-Brown*, for appellant.
*David McDade, District Attorney, Marc A. Watkins, James A. Dooley, Assistant District Attorneys*, for appellee.

---

[20] This hearing was not included in the record on appeal.
[21] *See Holsey*, 291 Ga. App. at 221 (3) (b).