## SMITH *vs.* THE STATE OF GEORGIA.

1. When a personal rencounter took place in the court-house, during a term of the superior court, and one of the combatants was in

dicted at the same term for the part he took in it, his diligence in sifting the crowd in his search for witnesses and procuring their attendance at the next term to testify in his behalf, is matter for adjudication by the presiding judge; and a motion for a new trial on the ground of newly discovered evidence touching a transaction so public, having been overruled, the Supreme Court will not interfere, more especially where the evidence alleged to be newly discovered is cumulative in its character.

2. One of the grounds for a new trial being that a witness for the State testified without being sworn, and it appearing that he was sworn, the ground is answered. Moreover, if he was not sworn, the prisoner or his counsel should have known the fact and objected to his evidence for that cause.

3. The evidence, though conflicting, warranted the verdict.

December 5, 1888.

Criminal law. New trial. Evidence. Witness. Diligence.   Before Judge HUTCHINS.   Jackson superior court.   February term, 1888.

Reported in the decision.

W. I. PIKE, by HARRISON & PEEPLES, for plaintiff in error.

E. T. BROWN, solicitor-general, by J. H. LUMPKIN, for the State.

BLECKLEY, Chief Justice.

1. The combat had its scene in the court-house, its time during term. By special presentment, the grand jury proceeded against Smith at the same term for assault with intent to murder. He was tried at the next term, and found guilty of assault and battery. Various witnesses testified in his behalf at the trial, and shortly after filing his motion for a new trial he discovered four more, and later, whilst the motion was still pending, three others. Considering the publicity of the event, both as to time and place, there is a strong suggestion in the nature of things that six months was long enough

to prepare for trial, and discover witnesses enough to bring out the true facts. There was quite a crowd present, and that might have been thoroughly sifted, it not appearing that there was but one individual amongst the number whom Smith did not then know. He says in an affidavit found in the record that three of his newly discovered witnesses refused to tell him before the trial what they knew. This indicates that he was aware of their presence, and he could have forced them to disclose on the trial what they knew, but he did not venture to have them summoned and sworn. In ruling upon the motion for a new trial, the presiding judge was probably not satisfied with his diligence, and the adjudication of that question certainly belongs to him. We feel no inclination in the present case to disturb his decision. Indeed, were the diligence plenary, the matter of the newly discovered evidence being cumulative, a new trial ought to be denied. At the trial the accused adduced evidence tending to show that Ritch, the other combatant, struck first, and struck from the rear, the blow being received before the accused saw him. The new evidence goes to this same question, and only raises more conflict with the evidence given in by the State at the trial. The truth is, that the alleged facts are not themselves newly discovered, but only the fact that these witnesses can and will testify to them.

2. The point that Parker, a witness for the State, was not sworn, disappears under the explanation of the matter furnished by his second affidavit and that of Ritch, contained in the record. He was sworn with the other witnesses for the State. It does not appear that he had forgotten it when he testified, though it had escaped his memory when he made his first affidavit some time after the trial. Furthermore, if he had not been sworn, that was a good ground of objection to his evi-

dence when he was offered as a witness; and as he must have been sworn, if at all, in open court, and in the presence of the accused, the accused and his counsel could not both have been ignorant of the omission to swear him if they exercised due diligence.

3. We see no want of sufficiency in the evidence to uphold the verdict. The threats proved, made on the day of the fight, were bloody and murderous, and they were not denied by the accused even in his unsworn statement. It is unfortunate that he made such threats if he did not intend to execute them, and perhaps more unfortunate if he did so intend. They brought both him and his adversary into trouble and danger.

Judgment affirmed.