### 69217. BELCHER v. THE STATE.
(326 SE2d 857)

SOGNIER, Judge.

Appellant was convicted of child molestation. After filing an enumeration of error appellant's counsel filed a motion to withdraw as counsel and a brief pursuant to *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493). This court denied that motion and directed appellant's counsel to file a brief addressing the issue of whether the failure to swear the victim in this case was reversible error.

1. The victim in this case, an eight-year-old girl, was questioned extensively to determine if she was a competent witness. The court found her competent, but when appellant's counsel asked if the witness had been sworn, the trial court stated it was not necessary. OCGA § 24-9-60 provides in pertinent part: "The sanction of an oath or affirmation equivalent thereto shall be necessary to the reception of any oral evidence." "In this State an oath or affirmation is required of all witnesses, and unsworn statements are not treated as amounting to any evidence, except 'in specified cases from necessity.'" *Huiet v. Schwob Mfg. Co.*, 196 Ga. 855, 859 (2) (27 SE2d 743) (1943). Thus,

it was error to fail to swear the victim as a witness in this case as required by OCGA § 24-9-60. However, even though appellant inquired as to whether the witness had been sworn when the court said it was unnecessary, appellant made no objection to the court's ruling. Where a party, without objection, allows a witness to testify against him without first being sworn he cannot after conviction urge the failure of the witness to take the oath as a ground in a motion for a new trial. *Rhodes v. State*, 122 Ga. 568 (1) (50 SE 361) (1905). Thus, appellant's failure to object constituted a waiver of the requirements of an oath. *Smith v. State*, 81 Ga. 479, 480 (2) (8 SE 187) (1888); *Rhodes*, supra.

2. Appellant contends the verdict is not supported by the evidence. The victim testified that appellant molested her sexually, and a medical doctor examined the victim and found evidence of sexual molestation. Further, appellant confessed to police that he molested the victim sexually. Hence, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Appellant contends the trial court erred by admitting appellant's confession into evidence. At a *Jackson-Denno* hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) it was established that appellant was advised fully of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) and thereafter signed a waiver of his rights knowingly and voluntarily. Appellant indicated he understood his rights, and he was not threatened or coerced in any way to make a statement. In fact, shortly after arriving at jail, appellant expressed a desire to make a statement.

Factual and credibility determinations as to voluntariness of a confession are normally made at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State*, 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981). We find no error here.

4. Appellant contends error in denial of his request to charge on the lesser offense of simple battery. This enumeration of error is without merit, as our Supreme Court has held that simple battery is not a lesser included offense of child molestation. *State v. Stonaker*, 236 Ga. 1, 3 (222 SE2d 354) (1976).

5. Lastly appellant contends it was error to deny his request for a pre-sentence investigation report. In Georgia we have probation reports, not pre-sentence investigation reports, and whether or not to order a probation report is within the discretion of the trial court. *Jackson v. State*, 248 Ga. 480, 484 (6) (284 SE2d 267) (1981); OCGA § 42-8-34 (b). Since appellant was sentenced to 20 years confinement with 15 years to serve, we find no abuse of that discretion in the instant case.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1985.

*Dennis B. Dixon, Jr.,* for appellant.
*John T. Strauss, District Attorney, John Ott, Assistant District Attorney,* for appellee.