## A92A1217. HARRELL v. THE STATE.
(420 SE2d 631)

McMURRAY, Presiding Judge.

Defendant Harrell appeals his conviction of the offenses of one count of rape and of three counts of child molestation. *Held*:

1. Defendant enumerates as error the denial of his motion for severance. The four counts of the indictment alleged offenses committed against three victims. The motion sought separate trials as to the charge or charges involving each alleged victim.

"Where criminal offenses are joined solely on the ground that they are of the same or similar character, the defendant has a right to have the offenses severed. *Dingler v. State*, 233 Ga. 462 (211 SE2d 752). However, where the offenses are so similar that they show a common scheme or plan or have an identical modus operandi, severance is discretionary with the trial court." *Mack v. State*, 163 Ga. App. 778 (1) (296 SE2d 115). As in *Exley v. State*, 198 Ga. App. 748, 750 (4) (402 SE2d 798), all of the charges against defendant in the case sub judice involved sexual activity with young girls reaching the level of a pattern. Two of the victims were neighbors and the third was a friend of theirs who sometimes visited in the neighborhood. Defendant was an acquaintance of all three victims. Each of the offenses involved a 12- or 13-year-old victim, occurred in a residence in defendant's neighborhood after defendant arranged to be present where

the victim was sleeping for the night, and began with defendant fondling the buttocks of his victims. The trial court did not abuse its discretion in denying defendant's motion for severance. *Exley v. State*, 198 Ga. App. 748, 750 (4), supra; *Seidel v. State*, 197 Ga. App. 14, 15 (3) (397 SE2d 480); *Phillips v. State*, 160 Ga. App. 345 (1), 346 (287 SE2d 69).

2. Three of defendant's enumerations of error are predicated on the decision in *Rolader v. State*, 202 Ga. App. 134 (413 SE2d 752). In each of these enumerations of error, defendant contends that statements of victims placed in evidence by the testimony of other witnesses pursuant to OCGA § 24-3-16 were not shown to be inherently reliable. However, in none of these instances was the issue, now argued on appeal, preserved by objection at trial. In the first instance, the sole basis of defendant's objection to the testimony concerning a victim's out-of-court statement was that the victim was present and available to testify. Of course, the availability of the child victim to testify is one of the prerequisites of OCGA § 24-3-16 and does not serve as a basis for excluding testimony concerning the victim's statement. In the remaining two instances, defendant's sole objection was that the testimony of a police detective concerning the victims' out-of-court statements had the effect of bolstering the victims' testimony which had not been impeached. However, such evidence of prior consistent statements is admissible under the decision in *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661). In the absence of an objection at trial, any discussion of the issues raised by the defendant for the first time on appeal is inappropriate. *Hunter v. State*, 202 Ga. App. 195, 196 (3), 198 (413 SE2d 526). These enumerations of error are without merit.

3. Contrary to defendant's assertion, the trial court did not invade defendant's Fifth and Sixth Amendment rights by admitting evidence concerning defendant's pretrial statement to police. While defendant complains that he was not afforded the warnings required under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), such *Miranda* warnings are required only when a law enforcement officer initiates questioning of an individual who has been taken into custody or otherwise significantly deprived of his freedom. *Glean v. State*, 197 Ga. App. 34, 35 (4) (397 SE2d 459); *Riviera v. State*, 190 Ga. App. 823, 824, 825 (1) (380 SE2d 353). The uncontroverted evidence in the case sub judice clearly authorized the trial court to conclude that defendant was not in custody at the time his statement was made to the police.

"The issue of custody involves an objective standard: Would a reasonable person in the defendant's situation have believed that he was physically deprived of his freedom of action in any significant way? If not, he is not subject to the compulsive atmosphere of an

actual arrest, and *Miranda* does not apply. [Cit.]" *Childs v. State*, 257 Ga. 243, 245 (3), 247 (357 SE2d 48). "In deciding the admissibility of a statement during a *Jackson-Denno* hearing, the trial court 'must consider the totality of the circumstances' and must determine the admissibility of the statement under the 'preponderance of the evidence' standard. Unless the factual and credibility findings of the trial court are 'clearly erroneous,' the trial court's decision on admissibility will be upheld on appeal. [Cit.]" *Fowler v. State*, 246 Ga. 256, 257 (3), 258 (271 SE2d 168). See also *Kincey v. State*, 191 Ga. App. 300, 302 (2) (381 SE2d 439).

In the case sub judice, the State presented evidence that defendant was not under arrest at the time of the interview and had been free to leave. The officer stated that he did not threaten or coerce the defendant in any way, promise him anything, or give defendant any reason to believe that he was not free to go at any time, that defendant did not appear to be under the influence of intoxicants, and that defendant appeared to be coherent and understand what was going on around him. The officer stated that defendant's statement appeared to be freely and voluntarily made.

Furthermore, while the interview of defendant occurred at a police station and defendant was suspected of having committed the alleged crimes under investigation, neither of these factors required that defendant be given *Miranda* warnings. See *Leach v. State*, 259 Ga. 33, 35 (4) (376 SE2d 667), and *California v. Beheler*, 463 U. S. 1121 (103 SC 3517, 77 LE2d 1275).

4. In his motion for new trial, defendant raised for the first time an allegation that one of the victims was not sworn before she testified at trial. "Where a party, without objection, allows a witness to testify against him without first being sworn he cannot after conviction urge the failure of the witness to take the oath as a ground in a motion for a new trial. *Rhodes v. State*, 122 Ga. 568 (1) (50 SE 361) (1905). Thus, appellant's failure to object constituted a waiver of the requirements of an oath. *Smith v. State*, 81 Ga. 479, 480 (2) (8 SE 187) (1888); *Rhodes*, supra." *Belcher v. State*, 173 Ga. App. 509 (1), 510 (326 SE2d 857).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JUNE 30, 1992.

*C. Jackson Burch,* for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney,* for appellee.