A95A1280. HOGUE v. THE STATE.
(464 SE2d 30)

POPE, Presiding Judge.

A jury convicted defendant Dewey Hogue of three counts of child molestation, two counts of aggravated child molestation and two counts of aggravated sodomy. On appeal, he contends that the trial

---

court committed reversible error in allowing the State to improperly place his character into issue, and in allowing it to solicit unsworn testimony from the three victims in the case. Concluding that defendant's contentions lack merit, we affirm.

1. The record demonstrates that prior to the start of defendant's trial, the trial court held a hearing, pursuant to Uniform Superior Court Rule 31.3, to determine whether the State would be allowed to introduce similar transaction evidence. Following the guidelines set forth in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), the trial court determined that the State could introduce evidence of defendant's previous 1985 child molestation conviction. The trial court also determined that the State could introduce a statement defendant had given to GBI Agent Carver at the time of his arrest in 1985. Defendant objected to the trial court's ruling, and the court allowed the objection to be continuing.

Subsequently, during the trial, the State called Carver as a witness. Carver testified that in 1985 he had investigated defendant for child molestation. Before Carver could testify about defendant's 1985 statement, however, the trial court interrupted Carver for the purpose of holding a *Jackson-Denno* hearing regarding the statement. At the conclusion of the hearing, the trial court found that defendant's statement was inadmissible under OCGA § 17-7-210 because a copy of the statement was not provided to defendant until the day of trial. The trial court also determined that without the statement the other similar transaction evidence was inadmissible. Thereafter, the State called its next witness, and eventually rested without presenting any further similar transaction evidence.

Although defendant contends on appeal that Carver's testimony improperly brought defendant's character into issue, it is undisputed that defendant never asked the trial court to give a curative instruction regarding the testimony. Nor did defendant move for a mistrial, even after it became apparent that Carver would not be allowed to finish his testimony, and that the State would not be able to prove the existence of a similar transaction. Accordingly, we hold that defendant has waived any objection he might have had to Carver's testimony. See *Thaxton v. State*, 260 Ga. 141, 143 (5) (390 SE2d 841) (1990); *Carr v. State*, 259 Ga. 318, 320-321 (2) (380 SE2d 700) (1989). This is true even though defendant had lodged a continuing objection to the introduction of the similar transaction evidence. See *Worley v. State*, 201 Ga. App. 704, 705 (2) (411 SE2d 760) (1991).

2. During the trial, the State called the three child victims to testify. The first victim was five years old and at first testified unsworn. Defendant did not object to the child's testimony until after it was completed. As a result, defendant waived any objection he may have had to the child's capacity to understand the oath. "Where a party,

without objection, allows a witness to testify against him without first being sworn . . . the failure to object constitutes a waiver of the requirements of an oath." (Citations and punctuation omitted.) *Hilson v. State*, 204 Ga. App. 200, 203 (1) (418 SE2d 784) (1992). Moreover, the record demonstrates that the five-year-old was given an oath after his initial testimony, and that the child told the prosecutor that everything he had testified to before was true. Defendant did not object. Under such circumstances, we find no reversible error.

We also find no reversible error in the admittance of the six and nine-year-old victims' testimony. Both of these victims were sworn and testified that they understood the difference between the truth and a lie, and that they were telling the truth. To the degree that a child understands that she is to tell the truth, the child is in effect under oath. See *Bright v. State*, 197 Ga. App. 784, 785 (3) (400 SE2d 18) (1990). Furthermore, we conclude that the trial court did not err in failing to conduct a competency hearing in the absence of a specific challenge as to any of the victims' ability to reason. See *Roberson v. State*, 214 Ga. App. 208, 209 (2) (447 SE2d 640) (1994).

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 14, 1995.

*Edward F. Hurley*, for appellant.
*Ralph Van Pelt, Jr., District Attorney, Bruce E. Roberts, Assistant District Attorney*, for appellee.