## A04A1205. JONES v. THE STATE.
### (601 SE2d 469)

JOHNSON, Presiding Judge.

Patrick Jones was indicted for kidnapping, aggravated stalking, family violence battery, simple battery, obstructing a person making an emergency phone call, and obstructing a law enforcement officer. He filed a demand for speedy trial. After the jury was struck, however, Jones entered a guilty plea to the charges and was sentenced by the trial court. Subsequently, Jones filed a motion to withdraw his guilty plea. Following a hearing, the trial court denied Jones' motion. Jones appeals, alleging he did not knowingly and voluntarily enter his guilty plea, that he was coerced into entering his guilty plea, and that his trial counsel provided ineffective assistance. We find no merit to these arguments and affirm Jones' convictions.

"A ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of such discretion."[1] When the validity of a guilty plea is challenged, the state bears the burden of showing affirmatively from the record that the defendant offered his plea knowingly, intelligently, and voluntarily.[2] The state may do this by showing through the record of the guilty plea hearing that (1) the defendant freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.[3] However, if the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's

---

[1] (Citation and punctuation omitted.) *Zellmer v. State*, 257 Ga. App. 346, 347 (2) (571 SE2d 174) (2002).

[2] See *Beck v. State*, 222 Ga. App. 168 (473 SE2d 263) (1996).

[3] *Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003).

deficient representation, a reasonable probability exists that he would have insisted on a trial.[4]

1. Jones claims the trial court erred in not allowing him to withdraw his guilty plea because he did not knowingly and voluntarily enter the plea. Specifically, Jones contends that he was coerced into accepting the guilty plea by the impending trial, by his family, and by the lack of time spent discussing the case with his attorney. However, the record and plea transcript belie this claim.

Jones stated under oath during his plea hearing that he had graduated from school, that he could read and write, that he had gone over the indictment with his attorney, and that he understood the charges in the indictment. He affirmed that he knew he was giving up his right to a jury trial, his right to be presumed innocent, his right to confront witnesses, his right to subpoena witnesses, his right to testify and offer evidence, his right to have an attorney assist him at trial, and his right not to incriminate himself. Jones further testified that no one had made him any promises to get him to plead guilty, and no one had used any force or threats against him to get him to plead guilty. Jones stated that he was satisfied with what his lawyer had done for him in the case. Finally, Jones testified that he wanted to plead guilty and that his decision was made freely and voluntarily.

In addition, the trial court elicited the nature of the charges, the state went over the factual basis and penalties for each of the charges in the indictment, and Jones confirmed that he understood the penalties. The trial court asked Jones if he was sure he wanted to give up his right to have a jury weigh the evidence, and Jones responded that he wanted to plead guilty. Subsequently, the court gave Jones an opportunity to withdraw his plea after sentence was imposed, but Jones declined.

The record clearly shows that the state fully informed Jones of the charges against him and their potential sentences, and that Jones expressly waived his rights. Jones stated that he was not being coerced into entering the plea, that he was satisfied with his attorney's representation, and that he wanted to proceed with the guilty plea even in light of the court's sentence. Therefore, the evidence supported the trial court's finding that Jones entered the guilty plea voluntarily, knowingly, and intelligently.[5] We find no merit to Jones' argument that the recommendations of his family and attorney constituted coercion.[6] Duress is a question of fact for the trial court to resolve, and we will only reverse the trial court's decision on this

[4] See *Ellis v. State*, 272 Ga. 763, 764 (1) (534 SE2d 414) (2000); *Zellmer*, supra.

[5] See *Johnson*, supra.

[6] See id.

matter upon a showing of an abuse of discretion.[7] We discern no abuse here. The trial court did not err in denying Jones' motion to withdraw his guilty plea.

2. Jones argues that he received ineffective assistance of counsel in that his trial counsel allegedly failed to adequately discuss the case with him and failed to effectively communicate the consequences of rejecting the state's original plea offer. To show ineffective assistance of counsel, a defendant who pleads guilty must show that his counsel erred and that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.[8] The trial court's findings of fact are subject to a "clearly erroneous" standard of review.[9]

We conclude that Jones has failed to establish deficient performance by his counsel. Regardless of the allegations raised in his motion to withdraw his plea, the transcript of Jones' plea hearing shows clearly that the plea was entered voluntarily and that Jones fully understood what he was doing at the time he pled guilty.[10] Prior to his plea, Jones' trial counsel explained the state's offer, the effects of different maximum sentences and parole issues affecting the charges, and the pros and cons of filing a demand for speedy trial. Moreover, when Jones entered his guilty plea, the trial court specifically asked if he was satisfied with the services rendered by his counsel, and Jones responded affirmatively.

Jones' argument that trial counsel was ineffective because Jones ended up receiving a sentence twice as long as the state's original offer lacks merit. The record shows that Jones filed a speedy trial demand hoping to force the state to go to trial without the victim. However, the victim was located and present in the courtroom at the time of the plea. Therefore, Jones' strategy for proceeding to trial had failed. Based on the testimony at the hearing on Jones' motion to withdraw his guilty plea and the apparent failure of the defense trial strategy, we find that Jones has failed to show that he would have insisted on going to trial. The trial court did not err in denying Jones' motion to withdraw his guilty plea on this ground.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED JUNE 24, 2004.

*Lawrence Lewis*, for appellant.

---

[7] See *Zellmer*, supra at 347-349 (2).

[8] *Whitesides v. State*, 266 Ga. App. 181, 188 (4) (596 SE2d 706) (2004).

[9] Id. at 189.

[10] See *Sibley v. State*, 249 Ga. App. 664, 665 (550 SE2d 104) (2001).

104

*Daniel J. Porter, District Attorney, David B. Fife, Assistant District Attorney*, for appellee.