A06A1204. BROWN v. THE STATE.
(634 SE2d 875)

MIKELL, Judge.

Dewayne Brown appeals the trial court's order denying his motion to withdraw his nonnegotiated guilty plea to the offenses of kidnapping, rape, aggravated sodomy, and armed robbery. Brown was originally charged in a ten-count indictment with six additional offenses, including aggravated assault and five counts of possession of a firearm during the commission of a crime, but an order of nolle prosequi was entered as to these six counts, and Brown pleaded guilty to the remaining four violent felonies. Brown was sentenced to life in prison for the rape and the aggravated sodomy, twenty years to serve ten for the kidnapping, and twenty years to serve ten for the armed robbery, all sentences to be served consecutively. Brown argues that withdrawal of his plea is necessary to correct a manifest injustice in that his trial counsel was ineffective in advising him to enter a guilty plea without a recommendation from the state. We disagree and affirm.

Because this case was resolved by the entry of a plea, there is no evidence of the charged crimes. However, the record contains victim-impact evidence in addition to a proffer from the prosecutor at a hearing held on Brown's pretrial motions. According to the victim's statement, on the night of the crimes she was a 22-year-old college

---

student in Valdosta who had driven to a Chevron station after midnight to buy coffee so she could stay awake and study. When she returned to her car, she closed the door and put the coffee down. Someone opened her door, crawled over her and sat in the passenger seat. He had a gun and ordered her to drive to a darkened grassy lot. He began to rub her thigh; she asked him over and over why he needed to rape her. Finally, the victim reported, he responded with a stone-cold reply: "Because I need it." Then he raped her. He called her foul, demeaning names and threatened to bring her to "his boys" so that they could "have a share." He made her perform oral sex on him twice and made her lick his semen. She got away from him by getting him to agree to let her drive back to the Chevron, cash a check, and give him the money. As soon as she got inside the Chevron, she told the clerk that she had been raped and that the perpetrator had a gun. Brown was caught nearby. At the pretrial motions hearing, the prosecutor additionally indicated that the evidence would show that Brown stole money and a cell phone from the victim at gunpoint.

The crimes occurred on October 27, 2003, and Brown was indicted on February 27, 2004. On March 10, 2004, retained counsel entered an appearance on Brown's behalf, and he entered a plea of not guilty. Counsel filed a plethora of pretrial motions, including a motion in limine to prevent the state from offering evidence that Brown had accosted another woman in the vicinity of the crimes at issue. At the hearing held on the motions on April 21, the investigating detective on the case testified that on the same night that the victim was raped, a young female had been out jogging with her male roommate, that they had come home, that the roommate left, that a second male roommate was sleeping, and that a male, whom she later identified as Brown, knocked on her door twice. The first time he came, around 11:30 p.m., Brown asked what time it was, and the second time, about five minutes later, he asked to use the telephone. The young woman felt uncomfortable, so she woke up her roommate, and he accompanied her to the door. The male roommate allowed Brown to use the telephone, and then Brown left. The next day, the young woman heard about the rape, so she called the detective. She identified Brown from a photographic lineup. The victim in the case at bar had been abducted at approximately 1:00 a.m. The trial court denied Brown's motion in limine, ruling the incident admissible to refute his initial statement to the detective. In the statement, Brown had denied being in the area on the night of the crimes, and the evidence at the hearing showed that the house where he had used the telephone was located within a few blocks of the Chevron station.

In July 2004, Brown began writing letters to his attorney and to the State Bar of Georgia, asking for certain documents and complaining of counsel's lack of communication. The hearing at which Brown

pled guilty was held on February 7, 2005. The hearing commenced with the judge collectively advising a number of defendants that they were all presumed innocent and had the right to remain silent but would be required to respond to the court's questions if they wished to plead guilty. All defendants verified that they had had ample time to discuss their case with their respective attorneys; that their attorney had reviewed the charges and their rights with them; that they understood those rights; and that they were "thoroughly satisfied" with their attorney's representation.

The court then questioned each defendant individually. The judge advised Brown that he was pleading guilty to kidnapping, rape, aggravated sodomy, and armed robbery; that each offense carried a mandatory minimum sentence of imprisonment for ten years; that the rape[1] and armed robbery[2] carried a possible penalty of life imprisonment; and that the other two offenses carried a possible penalty of not less that ten nor more than twenty years imprisonment.[3] The judge also explained that upon pleading guilty to these four charges, the remaining six counts of the indictment would be dismissed. Brown stated that he understood. Next, the court advised the defendants of all of their constitutional rights, including the right to trial by jury; the right to confront and cross-examine witnesses who testify against them; the right to subpoena witnesses to testify for them; the right to testify on their own behalf; the right to present evidence; and the right to counsel. All defendants, including Brown, testified that they understood each of these rights. The court further explained that by pleading guilty, each defendant would be waiving those rights, and that the court could impose any sentence within the bounds of the law. Finally, the court confirmed that, with the exception of any sentence recommendation, no promises, agreements, or threats had been made with or against the defendants in order to extract a guilty plea.

The prosecutor next explained what the evidence was expected to show as to each defendant. Brown listened to the allegations as to the

---

[1] See OCGA § 16-6-1 (b): "A person convicted of the offense of rape shall be punished by death, by imprisonment for life without parole, by imprisonment for life, or by imprisonment for not less than ten nor more than 20 years."

[2] See OCGA § 16-8-41 (b): "A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than ten nor more than 20 years."

[3] The court correctly stated the punishment for kidnapping. See OCGA § 16-5-40 (b): "A person convicted of the offense of kidnapping shall be punished by imprisonment for not less than ten nor more than 20 years." The court, however, was incorrect as to the penalty for aggravated sodomy. That offense carries a punishment of "imprisonment for life or . . . for not less than ten nor more than 30 years." OCGA § 16-6-2 (b). The judge corrected himself at the sentencing hearing.

four violent felonies, and even corrected the facts with respect to the armed robbery. He then admitted that the allegations were true and that he was, in fact, guilty. The court found that the defendants had entered their pleas freely, voluntarily, knowingly, and intelligently, with a full understanding of their constitutional and statutory rights. Brown was informed that he would not be sentenced until a presentence investigation was completed.

At the sentencing hearing, the court clarified that the aggravated sodomy carried a possible penalty of a life sentence, and Brown stated that he understood. The court also explained to Brown that he could withdraw his guilty plea, but Brown stated that he wished to proceed with sentencing. Brown then made a statement, apologizing for all the "confusion" he had caused and "throw[ing] [him]self at the mercy of the Court." Brown's parents testified. His father asked for leniency, and his mother asked the court to impose concurrent sentences. Trial counsel made an impassioned plea on his client's behalf, stating that Brown was within two weeks of graduating from a two-year vocational school when he committed these crimes and that he could be rehabilitated. Counsel asked the court to impose concurrent sentences and to sentence Brown to no more than ten years in prison. Although not part of the record on appeal, it appears that counsel submitted a sentencing memorandum as well as several letters on Brown's behalf. Finally, the court heard from the victim's mother as well as the victim advocate from the district attorney's office. Following their testimony, the court sentenced Brown to two consecutive life terms for the rape and the aggravated sodomy, plus twenty years to serve ten for the armed robbery and the kidnapping, with the latter sentences to be served consecutively as well.

Brown obtained new counsel, who filed a motion to withdraw his guilty plea. At the hearing held on the motion, Brown testified that the only reason he pleaded guilty was because his prior attorney had assured him that the judge would sentence him to serve only ten years, whereas if he were convicted following trial, he could receive a life sentence. The attorney did not testify at the hearing. In denying the motion, the court found that Brown's testimony was not credible, and that he had not demonstrated that his attorney's performance fell below an objective standard of reasonableness.

1. Brown argues that the trial court erred in denying his motion because his trial counsel was ineffective in advising him to enter a guilty plea without a recommendation from the state.

"After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we

review the trial court's decision for manifest abuse of that discretion."[4] When a defendant challenges the validity of a guilty plea, the state bears the burden of showing affirmatively by the record that the defendant's plea was knowing, intelligent, and voluntary.[5] But when the motion is based upon a claim of ineffective assistance of counsel, the two-part test of *Strickland v. Washington*[6] applies, and "the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial."[7] In evaluating an attorney's performance for the purpose of determining the first prong of the test, "there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption."[8] Brown has not cited any authority to the effect that advising a client to enter a nonnegotiated plea without a recommendation from the state constitutes deficient performance. Such advice cannot constitute error because even when the state makes a recommendation, the sentencing judge is not bound by it in imposing sentence.[9] Nor is a court required to inform a defendant that the state has made no recommendation.[10]

Furthermore, contrary to Brown's contention, his testimony at the hearing cannot overcome the presumption that his attorney's conduct was reasonable. The testimony that counsel led him to believe that his sentence would be no more than ten years contradicted his testimony at both the plea hearing and the sentencing hearing that he understood that he could be sentenced to life imprisonment. Entreaties from his mother and counsel at the sentencing hearing for the court to impose concurrent sentences, as well as his decision to throw himself upon the mercy of the court, further belie his assertion that counsel had assured him that he would receive only ten years. In any event, these contradictions created credibility

---

[4] (Citation, punctuation and footnote omitted.) *Norris v. State*, 277 Ga. App. 289, 292 (1) (626 SE2d 220) (2006). See also *Hill v. State*, 267 Ga. App. 357 (599 SE2d 307) (2004).

[5] *Jones v. State*, 268 Ga. App. 101 (601 SE2d 469) (2004).

[6] 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[7] (Footnote omitted.) *Jones*, supra at 101-102. See also *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999); *Hill*, supra at 357-358.

[8] (Citation omitted.) *Rivers v. State*, 271 Ga. 115, 117 (2) (516 SE2d 525) (1999).

[9] *Shakur v. State*, 239 Ga. 548, 550 (238 SE2d 85) (1977). See also *Norris*, supra at 289-290 (state recommended a sentence of 30 years in prison, but judge sentenced defendant to serve 60 years).

[10] See Uniform Superior Court Rule 33.8 (C), which requires the court to inform the defendant of the terms of any negotiated plea, of the maximum possible sentence, and of the mandatory minimum sentence, if any.

issues, which only the trial court could resolve.[11] Brown has thus failed to prove that his counsel's performance was deficient, and we need not reach the prejudice element of his claim.[12]

2. Brown next claims that withdrawal of his plea is necessary to correct a manifest injustice because he had nothing to gain by pleading "blind."

After sentence is pronounced, a guilty plea may be withdrawn only to correct a manifest injustice, and the trial court is the final arbiter of all factual issues raised by the evidence on a motion to withdraw.[13] The test for manifest injustice "will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges."[14] In the case at bar, counsel was not ineffective, and the state has borne its burden of showing affirmatively by the record that the defendant's plea was knowing, intelligent, and voluntary.[15] The transcript of the plea hearing shows that Brown was not under the influence of alcohol or drugs; and that he was 20 years old, had completed the ninth grade, and was able to read and write. As noted above, Brown acknowledged that he had had ample time to discuss his case with his attorney and was satisfied with his attorney's representation. The court advised Brown of the mandatory minimum and possible maximum sentences for each offense and enumerated all the rights he waived by entering a guilty plea. The court ascertained the factual basis for the plea and, at the sentencing hearing, gave Brown the opportunity to withdraw his plea prior to the pronouncement of sentence. All of the prerequisites prior to entering a plea were satisfied.[16] And, as stated above, the court was entitled to discredit contradictory testimony given by Brown at the motion to withdraw his plea.[17]

Brown essentially argues that a manifest injustice occurred because he had nothing to gain by entering "blind" pleas to the four counts at issue. This argument fails. Had Brown proceeded to trial and been convicted of the crimes, he could have been sentenced to a total of three life sentences, for the rape, aggravated sodomy, and armed robbery, plus twenty years to serve for the kidnapping. In addition, Brown's argument ignores the fact that the remaining

[11] *Voils v. State*, 266 Ga. App. 738, 741 (1) (c) (598 SE2d 33) (2004).
[12] See *Vazquez-Vargas v. State*, 265 Ga. App. 852, 854 (595 SE2d 668) (2004).
[13] *Norris*, supra at 292 (1).
[14] (Citation omitted.) *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995).
[15] See *Jones*, supra.
[16] See *Hill*, supra at 358; USCR 33.8.
[17] *Voils*, supra.

charges in the indictment were nolle prossed. Even assuming, as Brown argues, that the aggravated assault would have merged with the armed robbery[18] and that the five counts of possession of a firearm during the commission of a crime would have merged with each other for sentencing purposes,[19] Brown still would have faced an additional five years to serve.[20] Therefore, we conclude that withdrawal of Brown's plea is not necessary to correct a manifest injustice, and the trial court did not abuse its discretion in denying his motion.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 27, 2006.

*Ingrid P. Driskell,* for appellant.
*J. David Miller, District Attorney, Bradfield M. Shealy, Tracy K. Chapman, Assistant District Attorneys,* for appellee.

---

[18] Regarding merger of aggravated assault with other offenses, see generally *Walker v. State,* 275 Ga. App. 862 (622 SE2d 64) (2005).

[19] See, e.g., *Marlowe v. State,* 274 Ga. App. 535 (618 SE2d 180) (2005) (merger proper for firearms offenses involving a single victim).

[20] See OCGA § 16-11-106 (b).