## A08A0621. SWEETING v. THE STATE.
(662 SE2d 785)

BERNES, Judge.

On July 7, 1997, Tyrone Keith Sweeting pled guilty to one count of robbery by intimidation, two counts of forgery in the first degree, one count of driving as a habitual violator, and one count of driving under the influence of alcohol. On August 20, 2007, Sweeting filed his pro se motion for an out-of-time direct appeal challenging his pleas and arguing that they should be vacated. The trial court denied the motion. For the reasons discussed below, we affirm.

We review a trial court's denial of a motion for out-of-time direct appeal for an abuse of discretion. When a defendant pleads guilty and then seeks an out-of-time appeal from that plea, he must make the threshold showing that he would have been entitled to file a timely direct appeal from the plea because the issues he is raising can be decided from facts appearing in the record.

(Citation and punctuation omitted.) *Gray v. State*, 273 Ga. App. 441 (1) (a) (615 SE2d 248) (2005). After making that threshold showing, the defendant must then establish that his failure to file a timely direct appeal was the result of ineffective assistance of counsel. Id. at 442 (1) (b). "The failure of defense counsel to file a timely direct appeal does not constitute ineffective assistance, where . . . the claims of error that would have been raised in such an appeal are without merit." Id. Mindful of these principles, we turn to Sweeting's contentions in the instant case.

Sweeting first claims that the trial court erred in denying his motion for out-of-time direct appeal because the existing record shows that his guilty pleas were not knowingly, intelligently, and voluntarily made. We disagree. Under *Boykin v. Alabama*, 395 U. S. 238, 242-244 (89 SC 1709, 23 LE2d 274) (1969), a guilty plea must be set aside unless the transcript of the guilty plea hearing or extrinsic evidence affirmatively demonstrates that the defendant knowingly, intelligently, and voluntarily waived his constitutional rights against compulsory self-incrimination, to trial by jury, and to confront his accusers. See *Wiley v. Miles*, 282 Ga. 573, 575 (2) (652 SE2d 562) (2007). Here, the plea petition signed by Sweeting and the transcript of the guilty plea hearing affirmatively show that Sweeting understood and waived these three constitutional rights, and that his guilty plea was knowingly, intelligently, and voluntarily made. See *Johnson v. State*, 287 Ga. App. 759, 762 (3) (652 SE2d 836) (2007); *David v. State*, 279 Ga. App. 582, 584-585 (631 SE2d 714) (2006). Thus, Sweeting's claim is without merit.

Sweeting next claims that the trial court erred in denying his motion for out-of-time direct appeal because the existing record shows that he was not placed under oath at the guilty plea hearing, which he contends rendered his plea invalid. Again, we disagree. The failure to object to unsworn testimony at the time the testimony is given constitutes a waiver of the requirements of an oath. See *Hogue v. State*, 219 Ga. App. 69, 70-71 (2) (464 SE2d 30) (1995); *Hilson v. State*, 204 Ga. App. 200, 203 (1) (418 SE2d 784) (1992); *Belcher v. State*, 173 Ga. App. 509, 510 (1) (326 SE2d 857) (1985). As such, Sweeting waived any objection to the failure to place him under oath when he failed to raise the issue at the guilty plea hearing and

proceeded to enter a plea of guilty to the charged offenses. See id. See also *Gilbert v. State*, 245 Ga. App. 544, 545 (538 SE2d 104) (2000) (guilty plea waives any objection to the admissibility of testimony or documentary evidence bearing on the defendant's conviction). Consequently, Sweeting's claim lacks merit.

Since his claims of error are resolved adversely to him based on an examination of the existing record, Sweeting cannot show that his counsel was ineffective for failing to file a timely direct appeal. See *Johnson*, 287 Ga. App. at 762 (3); *Gray*, 273 Ga. App. at 445 (1) (b). The trial court thus acted within its discretion in denying his motion for out-of-time direct appeal.

*Judgment affirmed. Andrews, J., concurs. Ruffin, P. J., concurs specially.*

RUFFIN, Presiding Judge, concurring specially.

Although I concur fully with the majority, I write separately to address Sweeting's contention that the trial court committed reversible error in failing to place him under oath during the guilty plea hearing. Under OCGA § 15-1-3 (5), a trial court has the power to administer oaths "when it may be necessary." However, there does not appear to be any specific legal requirement that a defendant be placed under oath during a guilty plea hearing.[1] I nonetheless believe it is prudent for a trial court to administer an oath to a defendant during a plea hearing as it makes the record clearer that the defendant's plea was voluntary.[2] To the extent that we may infer a requirement that a defendant be sworn, I agree with the majority that Sweeting's failure to interpose an objection constitutes waiver.[3]

DECIDED MAY 28, 2008.

Tyrone K. Sweeting, *pro se.*

*Stephen D. Kelley, District Attorney, Robert German, Jr., Assistant District Attorney*, for appellee.

---

[1] See Uniform Superior Court Rule 33.1 et seq.; Uniform State Court Rule 33.1 et seq.

[2] See, e.g., *Jones v. State*, 268 Ga. App. 101, 102 (1) (601 SE2d 469) (2004); *Cantrell v. State*, 210 Ga. App. 218, 221 (3) (435 SE2d 737) (1993).

[3] See *Harrell v. State*, 204 Ga. App. 738, 740 (4) (420 SE2d 631) (1992) (" 'Where a party, without objection, allows a witness to testify against him without first being sworn he cannot after conviction urge the failure of the witness to take the oath as a ground' " for reversal.). We note the anomaly here, which requires a defendant to object to his own testimony.