## A08A2429. McCOON v. THE STATE.

(669 SE2d 466)

BLACKBURN, Presiding Judge.

Following his guilty plea to three felony counts (armed robbery,[1] burglary,[2] and aggravated assault[3]), Jonathan McCoon appeals the trial court's denial of his motion for an out-of-time appeal. He argues that his counsel's failure to appeal the armed robbery conviction constituted ineffective assistance and that the record failed to show that he entered into the plea freely and voluntarily. Because the record supports neither argument, we hold that the trial court did not abuse its discretion in denying his motion for an out-of-time appeal.

McCoon and two co-defendants were indicted for armed robbery, aggravated assault, and burglary. At their guilty plea hearing before Telfair County Superior Court, the court informed them of the details of the charges, of the potential sentences associated therewith, and of their constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. After ensuring that each understood these rights, that each was under no coercion nor receiving any benefit or threat to plead guilty, and that each was uninfluenced by intoxicants or narcotics, the court received their guilty pleas as to all charges.

At their sentencing hearing, the prosecutor gave the court the following factual basis for the pleas. Armed with guns, McCoon and his co-defendants broke into a residence and began stealing items, including a shotgun. The owner of the residence returned home, whereupon the threesome hid in a back bedroom (which had a back outside door through which they could have exited but did not). As they heard the owner approach the back bedroom, McCoon opened fire through the closed bedroom door, striking the owner with four bullets. The owner managed to escape out the front door, leading one of the co-defendants to use the owner's shotgun to fire at the owner as he drove away in his truck (twice hitting the truck). The owner soon found police and reported the incident, leading police to descend upon the area of the residence and within hours to find the threesome, each of whom confessed to the above facts.

At the sentencing hearing, the State also submitted photos and diagrams substantiating many of the facts, and the defendants confirmed their guilty pleas. After sentencing the three men, the

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-7-1 (a).

[3] OCGA § 16-5-21 (a) (2).

court informed them of their right to move to withdraw their guilty pleas and of their right to appeal their convictions. The sentence was filed with the clerk on August 29, 2003.

After the term of court had expired (see OCGA § 15-6-3 (29) (E)), McCoon in March 2004 moved to withdraw his plea, which the court denied as untimely. Several years later in 2008, McCoon moved to file an out-of-time appeal, which the court denied as lacking merit. McCoon now appeals the denial of his motion for an out-of-time appeal.

A defendant who has pled guilty to a crime may obtain an out-of-time appeal only "if the issues he seeks to raise can be resolved by facts appearing on the record and if his failure to seek a timely appeal was the result of ineffective assistance of counsel." *Colbert v. State*.[4]

> [W]here the record shows that the attacks on the guilty plea that a defendant seeks to raise in an out-of-time appeal are without merit, trial counsel cannot have been ineffective in failing to pursue such an appeal, and a trial court thus does not err in denying an out-of-time appeal.

Id. at 81-82. "We review a trial court's denial of a motion for out-of-time direct appeal for an abuse of discretion." *Sweeting v. State*.[5]

Here, McCoon attacks the guilty plea on two fronts: the armed robbery conviction is unsupported by the factual record set forth by the State, and the transcript fails to show he entered the plea freely and voluntarily. As the record reflects that these attacks are without merit, we find no abuse of discretion in the trial court's denial of his motion for an out-of-time appeal.

1. Citing *State v. Evans*,[6] McCoon first claims that the court failed to make an inquiry on the record to establish a factual basis for the armed robbery plea. Specifically, he claims that the facts recited by the State during the sentencing hearing did not show the elements of armed robbery in that the theft of the shotgun and other items took place *prior* to the homeowner arriving at the premises and therefore were not taken (i) by use of an offensive weapon (ii) from his person or immediate presence. We disagree.

(a) *The element of using an offensive weapon.* OCGA § 16-8-41 (a) provides that "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use

---

[4] *Colbert v. State*, 284 Ga. 81, 81 (663 SE2d 158) (2008).

[5] *Sweeting v. State*, 291 Ga. App. 693, 694 (662 SE2d 785) (2008).

[6] *State v. Evans*, 265 Ga. 332, 334-335 (2) (454 SE2d 468) (1995).

of an offensive weapon. . . ." Interpreting this statute, *Moore v. State*[7] held regarding the weapon that "the offensive weapon be used as a concomitant to a taking which involves the use of actual force . . . against another person. . . . [T]he force . . . essential to robbery must either precede or be contemporaneous with, not subsequent to, the taking." (Citation and punctuation omitted.) Here, the threesome were in the process of stealing the homeowner's shotgun and other items when the owner stumbled upon them and was shot with a gun and shot at with the shotgun. Thus, the force essential to the armed robbery here was contemporaneous with the taking.

(b) *The element of taking the items from the person or immediate presence of the victim.* Regarding the element that the stolen items be taken from the person or immediate presence of the victim, "[o]ne's 'immediate presence' in this context stretches fairly far, and robbery convictions are usually upheld even out of the physical presence of the victim if what was taken was under his control or his responsibility and if he was not too far distant." (Punctuation omitted.) *Maddox v. State*.[8] Here, the victim was present in his residence at the time his shotgun was being stolen in a nearby room, which shotgun the thieves used to shoot at him as he escaped in his truck. This factual record establishes the two allegedly missing elements of the crime of armed robbery.

2. McCoon next argues that no record establishes he made the guilty plea freely and voluntarily. Specifically, McCoon points to the transcript of the sentencing hearing, in which the court made no reference to McCoon's constitutional rights at trial but instead focused only on his rights to move to withdraw his guilty plea and to appeal.

However, McCoon completely ignores the transcript of the plea hearing, during which the court reviewed with McCoon his right to a jury trial, to a presumption of innocence, to the State's burden of proof, to his right to counsel, to his right to confront the State's witnesses and to cross-examine them, to his right to subpoena witnesses, to his right to testify, and to his privilege against compulsory self-incrimination. At that plea hearing, McCoon told the court he understood he was giving up all those rights by pleading guilty. The court explained the charges in detail against McCoon and the possible sentences. After confirming with McCoon that he had not been threatened or frightened or promised any benefit to plead guilty (other than the State's agreement to recommend a certain sentence) and that he was acting freely and voluntarily, the court received

---

[7] *Moore v. State*, 233 Ga. 861, 864 (2) (b) (213 SE2d 829) (1975).

[8] *Maddox v. State*, 174 Ga. App. 728, 730 (1) (330 SE2d 911) (1985).

McCoon's guilty plea. This procedure complied with the court's obligations when taking a guilty plea. See *Beckworth v. State*[9] ("[t]he entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. It is the duty of a trial court to establish that the defendant understands the constitutional rights being waived, and the record must reveal the defendant's waiver of those constitutional rights") (citation and punctuation omitted); *Maddox v. State*[10] ("[t]he trial court must determine that the plea is voluntary, the defendant understands the nature of the charges, and there is a factual basis for the plea. In addition, the trial court must inform the defendant of the rights being waived, the terms of any negotiated plea, and the minimum and maximum possible sentences").

Based on this record,

> even if [McCoon] were able to present some evidence showing that his attorney had failed to file an appeal on his behalf, such a failure would not amount to ineffective assistance of counsel because it is apparent from the transcript of the plea hearing that the issues he now seeks to raise in an out-of-time appeal are completely without merit. An attorney's failure to file an appeal frivolously attacking the indisputable facts proved by the transcript could not be deemed ineffectiveness.

(Punctuation omitted.) *Hicks v. State*.[11]

Accordingly, we hold that the trial court did not abuse its discretion in denying McCoon's motion for an out-of-time appeal. See *Robertson v. State*.[12]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 10, 2008.

Jonathan McCoon, *pro se*.

---

[9] *Beckworth v. State*, 281 Ga. 41, 42 (635 SE2d 769) (2006).

[10] *Maddox v. State*, 278 Ga. 823, 825-826 (3) (607 SE2d 587) (2005).

[11] *Hicks v. State*, 281 Ga. 836, 838 (642 SE2d 31) (2007).

[12] *Robertson v. State*, 287 Ga. App. 271, 273 (5) (651 SE2d 198) (2007).

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.