## A09A0851. UNDERWOOD v. THE STATE.
(683 SE2d 688)

BERNES, Judge.

Trimaine Underwood entered an *Alford*[1] plea to one count of theft by receiving. He argues that the plea was not intelligently and voluntarily given. Because the record belies Underwood's contention, we affirm.

---

[15] *B. C. P.*, supra at 112-113.

[17] See *K. R. S.*, supra at 681.

[18] Supra.

[1] *Alford v. North Carolina*, 400 U. S. 25, 37 (91 SC 160, 27 LE2d 162) (1970) ("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

In order to challenge a guilty plea by direct appeal, an appellant "must show that his claims can be addressed and resolved solely by reference to facts contained in the record." (Footnote omitted.) *Turner v. State*, 281 Ga. 435, 436 (2) (637 SE2d 384) (2006). See *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996). And

> a guilty plea must be set aside unless the transcript of the guilty plea hearing or extrinsic evidence affirmatively demonstrates that the defendant knowingly, intelligently, and voluntarily waived his constitutional rights against compulsory self-incrimination, to trial by jury, and to confront his accusers.

(Citation omitted.) *Sweeting v. State*, 291 Ga. App. 693, 694 (662 SE2d 785) (2008). See *Boykin v. Alabama*, 395 U. S. 238, 242-244 (89 SC 1709, 23 LE2d 274) (1969).

A review of the plea hearing transcript shows that the state set forth the substantive factual basis for the theft by receiving charge against Underwood, after which the trial court confirmed that Underwood understood the maximum possible sentence he could receive for the crime. Underwood was then placed under oath, and the following colloquy transpired between him and the prosecutor:

> [PROSECUTOR]: Are you able to hear and understand my statements and questions?
> [UNDERWOOD]: Yes.
> [PROSECUTOR]: Are you now under the influence of any alcohol, drugs, or any other substance?
> [UNDERWOOD]: No, Ma'am.
> [PROSECUTOR]: Has your lawyer explained the charge against you?
> [UNDERWOOD]: Yes.
> [PROSECUTOR]: Do you understand that you have the right to a jury trial?
> [UNDERWOOD]: Yes.
> [PROSECUTOR]: Do you understand that you could have a jury trial by pleading not guilty or by remaining silent and not entering a plea?
> [UNDERWOOD]: Yes.
> [PROSECUTOR]: Do you understand that you have the right to the assistance of counsel during trial?
> [UNDERWOOD]: Yes.
> [PROSECUTOR]: Do you understand that you are entitled to the presumption of innocence?

[UNDERWOOD]: Yes.

[PROSECUTOR]: Do you understand that you have the right not to incriminate yourself?

[UNDERWOOD]: Yes.

[PROSECUTOR]: Do you understand that at a jury trial, you would have the right to question witnesses against you, the right to subpoena witnesses on your own behalf, and the right to testify yourself and offer other evidence?

[UNDERWOOD]: Yes.

[PROSECUTOR]: Do you understand that by pleading guilty, you are giving up all these rights?

[UNDERWOOD]: Yes.

[PROSECUTOR]: Has anyone made any threats or promises to influence you to plead guilty in this case?

[UNDERWOOD]: No. . . .

[PROSECUTOR]: Have you had a chance to discuss this case thoroughly with your attorney?

[UNDERWOOD]: Yes. . . .

[PROSECUTOR]: Are you satisfied with the services and advice of your attorney?

[UNDERWOOD]: Yes.

[PROSECUTOR]: Do you understand that the maximum sentence for this charge is ten years to serve?

[UNDERWOOD]: Yes.

[PROSECUTOR]: Do you understand that the court is not bound by any promises or recommendations and that the court can impose that sentence of ten years to serve?

[UNDERWOOD]: Yes.

Underwood then tendered an *Alford* plea and confirmed that he had understood all of the questions posed to him and answered them truthfully. This record affirmatively establishes that Underwood was informed of and knowingly, intelligently, and voluntarily waived his constitutional rights against compulsory self-incrimination, to trial by jury, and to confront his accusers. See *McCoon v. State*, 294 Ga. App. 490, 492-493 (2) (669 SE2d 466) (2008); *Sweeting*, 291 Ga. App. at 694; *Johnson v. State*, 287 Ga. App. 759, 762 (3) (652 SE2d 836) (2007). Underwood's claim to the contrary lacks merit.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 18, 2009.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Daniel J. Quinn, Assistant District Attorneys*, for appellee.